IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELANIO MAURICE VICK,** #58700-083, <br><br> Plaintiff, <br><br> v. <br><br> **USP MARION,** **FEDERAL BUREAU OF PRISONS,** **WARDEN SPROUL,** **ASSISTANT WARDEN LECLAIR,** **ASSISTANT WARDEN SOZA,** **CAPTAIN DAVIS,** **C/O MULLER,** **LT MITCHELL,** **SCHNEIDER,** **C/O MASTERS, and** **C/O SMILLIE,** <br><br> Defendants. | Case No. 22-cv-00223-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Delanio Maurice Vick is an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at United States Penitentiary in Canaan, Pennsylvania. Plaintiff filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) alleging mistreatment by staff while he was confined in the special housing unit at the United States Penitentiary in Marion, Illinois ("USP Marion"). Plaintiff requests injunctive relief. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that beginning on October 20, 2021, he was illegally held in the special housing unit at USP Marion. During this time, he was sexually harassed by staff, denied access to media, mail, and the telephone, verbally threatened, physically assaulted, discriminated against, at times denied proper food, and told to kill himself by staff. Plaintiff's pre-sentencing report was also read to the other inmates. Plaintiff asserts that these actions "occurred by STS Schneider, Huckleberry, C/O Masters, and C/O Smillie." He states that this conduct was "made aware to all administration."

### PRELIMINARY DISMISSALS

Plaintiff indicates on the civil rights complaint form that he is bringing this case pursuant *Bivens* and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages…for …personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Because Plaintiff has not named the United States as a defendant herein, he cannot proceed under the FTCA. Accordingly, the FTCA claims shall be dismissed without prejudice, and all claims in this action shall be treated as being brought pursuant to *Bivens*.

The Court also dismisses the Federal Bureau of Prisons and USP Marion as defendants in this case. As discussed, neither entity is a proper defendant in an action brought pursuant to the FCTA. Additionally, only individual persons may be sued in a civil rights action brought pursuant to *Bivens. See FDIC v. Meyer,* 510 U.S. 471, 475; 483-86 (1994) (sovereign immunity shields the federal government from suit absent a waiver; a *Bivens* action permits suit only against an

individual who is an agent of the federal government). Accordingly, all *Bivens* and FTCA claims brought against the Federal Bureau of Prisons and USP Marion are dismissed with prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this pro se action:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to cruel and unusual punishment while he was housed in the special housing unit at USP Marion.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequate pled under the *Twombly* pleading standard.[1]

There is no Congressional authority to award damages to "plaintiffs whose constitutional rights [have been] violated by agents of the Federal Government." *Ziglar v. Abbasi,* 582 U.S. 120 (2017). In *Bivens*, however, the Supreme Court recognized an implied action for damages to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* Since this decision, the Supreme Court has recognized only two other instances in which an implied damages remedy under *Bivens* is available for a constitutional deprivation – a Fifth Amendment sex discrimination claim and an Eighth Amendment claim for denial of medical care for a serious medical condition. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green,* 446 U.S. 14 (1980). Recent cases have declined to extend a *Bivens* remedy to any other contexts and stated that further expansion of Bivens is a "disfavored judicial activity." *Ziglar,* 582 U.S. at 135 (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, 142 S. Ct. 1793 (2022) (no *Bivens*

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). First, a court asks whether the case presents a new *Bivens* context, *i.e.*, whether it is meaningfully different from the three cases in which the Supreme Court previously implied a damages action. *Ziglar*, 582 U.S. at 138-140. Second, if a claim arises in a new context, the court must consider whether any "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id.* If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez*, 140 S. Ct. at 743.

The Court finds that Plaintiff's Eighth Amendment claim involves a new *Bivens* context. Plaintiff's allegations of harassment and poor treatment by staff bears no resemblance to any of the three cases previously decided by the Supreme Court. *See Ajaj v. Fozzard,* No. 14-cv-01245-JPG, 2023 WL 2989654 (S.D. Ill. Apr. 18, 2023) (declining to extend *Bivens* to an excessive force claim brought under the Eighth Amendment). Furthermore, a special factor exists counseling against the expansion of *Bivens*. Plaintiff, as a federal inmate, has an avenue of relief through the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. §542.10 *et seq.* Through this alternative remedial structure, Plaintiff could seek "formal review an issue relating to any aspect of his[] own confinement," including abusive treatment by staff. 28 C.F.R. §542.10(a). The Supreme Court has directed that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert,* 142 S. Ct. at 1804 (internal citations and quotations omitted). Whether or not the Administrative Remedies Program actually provided Plaintiff with the relief he sought is irrelevant to the Court's analysis, as "the question of whether a given remedy is adequate is a legislative determination that

must be left to Congress, not the federal courts." *Id.* at 1807. Accordingly, the Court finds that the Administrative Remedy Program forecloses a *Bivens* claim for the allegations in Count 1, and Plaintiff's Eighth Amendment claim is dismissed with prejudice.

The Court also finds that dismissal of the Complaint is proper since Plaintiff's claim for injunctive relief is now moot due to his transfer. In the Complaint, Plaintiff only seeks injunctive relief "for the treatment of [himself] and the denial of [his] rights." (Doc. 9, p. 7). But Plaintiff is no longer housed at USP Marion and none of the Defendants are assigned to his new facility located in Canaan, Pennsylvania. A request for injunctive relief becomes moot when an inmate is transferred, unless the inmate can demonstrate that he is likely to be transferred back to the prison at issue. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'"); *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (stating that once inmate was transferred his prayer for declaratory relief largely dropped out of the picture). All of the Defendants are from USP Marion, the events which give rise to Plaintiff's claims took place at USP Marion, and the request for injunctive relief focuses on his treatment at USP Marion. Thus, the Court finds that Plaintiff's transfer to the United States Penitentiary in Canaan makes his request for relief moot. As Plaintiff only requested injunctive relief, dismissal of Complaint is appropriate. *See Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations and citations omitted).

## LEAVE TO AMEND

Although it does not seem likely that Plaintiff will be able to state a successful claim for relief, the Court will allow Plaintiff an opportunity to amend his complaint. If the Court does not receive an amended complaint by the deadline the Court sets, the Court will dismiss the case for

failure to state a claim and Plaintiff will incur a strike under 28 U.S.C. § 1915(g). If after reading this Order, Plaintiff decides he does not want to proceed with the lawsuit, he may notify the Court (before the deadline to amend) that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 21, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **June 21, 2023**, Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00223-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 25, 2023**

                                        *s/Stephen P. McGlynn*
                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**